UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

MURPHY & KING, PROFESSIONAL
CORPORATION, a Massachusetts
Professional Corporation,

   Plaintiff,

v.               Case No. _____

J. SCOTT GUNN, P.A., a Florida
Corporation,

   Defendant.
_____/

## COMPLAINT

Plaintiff, MURPHY & KING, PROFESSIONAL CORPORATION, a Massachusetts Professional Corporation ("Plaintiff"), by and through the undersigned counsel, brings this action against Defendant, J. SCOTT GUNN, P.A., a Florida Corporation ("Defendant"), to recover unpaid legal fees for services rendered. Plaintiff has made diligent efforts to collect the sums due, but Defendant has repeatedly refused to make payment of the amounts outstanding. As detailed more fully below, Plaintiff asserts claims herein for (i) breach of oral agreement, (ii) account stated, (iii) open account, and (iv) unjust enrichment to recover the amounts due.

### The Parties, Jurisdiction and Venue

1. Plaintiff is a professional corporation organized under the laws of the Commonwealth of Massachusetts, having a principal place of business at 1 Beacon Street, 21st Floor, Boston, MA 02108. Plaintiff provides legal counsel and representation to business enterprises, corporations, individuals, and other entities.

2. Defendant is a Florida Corporation having its principal place of business at 1 Financial Plaza, Suite 2500, Ft. Lauderdale, Florida 33394. J. Scott Gunn is the sole director and owner of Defendant and is a citizen of Florida residing in Ft. Lauderdale, Broward County, Florida. Defendant is a provider of legal services.

3. The amount in controversy exceeds $75,000.00.

4. As Plaintiff is a citizen of the Commonwealth of Massachusetts, and Defendant is a citizen of the State of Florida, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

5. Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b)(1) as Defendant's principal place of business is located in Ft. Lauderdale, Florida pursuant to 28 U.S.C. § 1391(c)(2).

## General Allegations

6. In July 2012, J. Scott Gunn ("Gunn"), the sole director and owner of Defendant, requested that Plaintiff act as legal counsel and to provide legal representation to Defendant and Defendant's client, Technique D'Usinage Sinlab, Inc.

7. In return for Plaintiff's representation and provision of legal services, Defendant agreed to be solely responsible for and pay Plaintiff its standard fees incurred in the representation and to reimburse Plaintiff for costs and expenses incurred on Defendant's behalf. Attached hereto as **Exhibit "A"** is true and correct copy of an e-mail exchange between Plaintiff and Defendant on July 30 and 31, 2012 wherein Defendant acknowledges that it is responsible for payment of Plaintiff's legal fees in connection with the representation.

8. Plaintiff and Defendant agreed on the terms of Plaintiff's representation and Plaintiff sent Defendant a letter on July 31, 2012 detailing, *inter alia*, the scope of its legal

representation and the billing rates and fees charged by Plaintiff for those services. A true and correct copy of the letter is attached hereto as **Exhibit "B."**

9. Pursuant to the parties' verbal agreement, Defendant deposited a retainer with Plaintiff and Plaintiff provided legal services to Defendant in two civil litigation actions in the United States District Court for the Eastern District of Virginia (hereinafter the "Lawsuits").

10. The attorneys responsible for the representation of Defendant and Defendant's client in connection with the Lawsuits ended their association with Plaintiff in December 2012. Defendant transferred the litigation matters relating to the Lawsuits to the new law firm with which those attorneys are affiliated.

11. During its representation of Defendant, Plaintiff performed all necessary and appropriate services, fulfilled all duties and obligations and fully performed under the parties' agreement.

12. Pursuant to the terms of the parties' verbal agreement, Plaintiff submitted detailed monthly invoices to Defendant of fees for services rendered and for costs incurred ("Invoices"). True and correct copies of the Invoices are attached hereto as **Exhibit "C."**

13. Defendant performed its payment obligations under the parties' verbal agreement for a period of time, but Defendant breached the agreement by failing and refusing to comply with all of its payment obligations.

14. Plaintiff made numerous attempts to collect the sums due from Defendant, but Defendant has failed and refused to pay the outstanding amounts.

15. Plaintiff has made repeated demands for payment and has diligently attempted to collect the monies due, but to no avail.

16. Defendant has failed to make full payment of the amounts owed and has failed and continues to refuse said payment.

## COUNT I
### Breach of Oral Agreement

17. Plaintiff incorporates and realleges the allegations of paragraphs 1 through 16 above as if fully set forth herein.

18. Plaintiff and Defendant entered into a binding verbal agreement on July 31, 2012.

19. Pursuant to the terms of the agreement, Defendant requested and Plaintiff agreed to provide legal services to Defendant and Defendant's client in connection with the Lawsuits, and in return therefore, Defendant agreed to be responsible for and pay Plaintiff's standard hourly fees for the services performed and to reimburse the costs incurred by Plaintiff on Defendant's behalf. The terms of the parties' oral agreement are outlined and memorialized in the e-mails and letter attached as **Exs. A** and **B**.

20. Defendant partially performed under the parties' agreement by submitting a retainer and making partial payment of the amounts due for Plaintiff's services, but Defendant has failed and refused to make payment of the outstanding balance, and has repeatedly refused to make further payments in breach of the parties' agreement.

21. Plaintiff has fully performed all of its obligations under the parties' agreement and has provided services and incurred costs in its representation of Defendant and Defendant's client in connection with the Lawsuits.

22. Defendant breached the parties' agreement by not fully performing its obligations thereunder and has failed and refused to pay for the services rendered and the costs incurred by Plaintiff in its representation of Defendant and Defendant's client in the Lawsuits.

23. As a direct result of Defendant's breach of the parties' oral agreement, Plaintiff has suffered damages in the amount of $428,423.31, plus prejudgment interest, costs and attorneys' fees.

**WHEREFORE**, Plaintiff, MURPHY & KING, demands judgment against Defendant, J. SCOTT GUNN, P.A., for damages in the amount of $428,423.31, plus costs, pre-judgment interest and any further relief the Court deems just and proper.

## COUNT II
### Account Stated

24. Plaintiff incorporates and realleges the allegations of paragraphs 1 through 16 above as if fully set forth herein.

25. Plaintiff has provided legal services to Defendant and Plaintiff has incurred fees and costs in its representation of Defendant in the Lawsuits.

26. Plaintiff has rendered Invoices to Defendant reflecting the fees, costs and outstanding balance due to Plaintiff. See **Ex. C**.

27. Defendant has not objected to or refuted the amounts due and owing. To the contrary, Defendant has acknowledged that Defendant owes the amounts due and owing, but has continued to refuse to pay the amounts due and owing.

28. There is currently a balance $428,423.31, plus prejudgment interest, costs, and attorneys' fees on the account.

**WHEREFORE**, Plaintiff, MURPHY & KING, demands judgment against Defendant, J. SCOTT GUNN, P.A., for damages in the amount of $428,423.31, plus costs, pre-judgment interest and any further relief the Court deems just and proper.

## COUNT III
## Open Account

29.     Plaintiff incorporates and realleges the allegations of paragraphs 1 through 16 above as if fully set forth herein.

30.     This is an action on an open account for damages.

31.     Defendant owes Plaintiff $428,423.31, exclusive of interest, attorneys' fees and costs on its account, according to the invoices reflecting the services rendered and costs incurred. See **Ex. C** hereto.

32.     Defendant has failed to pay the amounts due Plaintiff, and, as a result, Plaintiff has incurred actual and substantial damages, prejudgment interest, attorneys' fees and costs.

**WHEREFORE**, Plaintiff, MURPHY & KING, demands judgment against Defendant, J. SCOTT GUNN, P.A., for damages in the amount of $428,423.31, plus costs, pre-judgment interest and any further relief the Court deems just and proper.

## COUNT IV
## Unjust Enrichment

33.     Plaintiff incorporates and realleges the allegations of paragraphs 1 through 16 above as if fully set forth herein.

34.     Plaintiff alternatively brings the instant action for unjust enrichment.

35.     Plaintiff provided various valuable services to Defendant and Defendant's client in the form of legal counsel and representation and Defendant was aware of the benefits conferred, as evidenced by the Invoices (**Ex. C**) and correspondence sent to Defendant during the course of the representation.

36.     Defendant voluntarily accepted and retained the benefits conferred on Defendant and Defendant's client from the services provided by Plaintiff and the costs covered by Plaintiff

on Defendant's behalf in connection with Plaintiff's representation of Defendant and Defendant's client in the Lawsuits.

37. Defendant agreed to be solely responsible and pay for and was on notice that Plaintiff reasonably expected to be paid for the provision of such services.

38. Under ordinary circumstances, a reasonable person would reasonably expect to pay for the benefits conferred.

39. Plaintiff was not fully compensated for the benefits it conferred upon Defendant, as Defendant has failed to fully pay for said services and there remains a balance due from Defendant in the amount of $428,423.31.

40. As a result of Defendant's refusal to pay Plaintiff for the services and costs provided, Defendant has been unjustly enriched.

41. The circumstances render Defendant's retention of the benefits conferred inequitable unless Defendant pays to Plaintiff the value of the benefits, which is $428,423.31.

42. As a result, Plaintiff has suffered damages in the amount of $428,423.31 plus prejudgment interest, costs, and attorneys' fees, which represents the reasonable value of the services provided by Plaintiff which Defendant has not paid.

**WHEREFORE**, Plaintiff, MURPHY & KING, demands judgment against Defendant, J. SCOTT GUNN, P.A., for damages in the amount of $428,423.31, plus costs, pre-judgment interest and any further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff, Murphy & King, hereby demands a trial by jury on all counts so triable.

**DATED** on April 10, 2013.

Respectfully submitted,

By: /s/ *Kent B. Frazer*
Kent B. Frazer, Esq.
Florida Bar Number: 685682
Jeffrey B. Pertnoy, Esq.
Florida Bar Number: 91939
**AKERMAN SENTERFITT**
**Attorneys for Plaintiff**
222 Lakeview Avenue, Suite 400
West Palm Beach, FL 33401-6183
Telephone: (561) 653-5000
Facsimile: (561) 659-6313
Email: kent.frazer@akerman.com
Email: jeffrey.pertnoy@akerman.com